**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4699**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY E. ALASCIO,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Roger W. Titus, Senior District Judge. (1:15-cr-00498-RWT-1)

Submitted: August 15, 2017

Decided: August 31, 2017

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Bruce A. Johnson, Jr., LAW OFFICE OF BRUCE A. JOHNSON, JR., LLC, Bowie, Maryland, for Appellant. Zachary Augustus Myers, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony E. Alascio appeals his conviction after his guilty plea to retaliating against a witness, in violation of 18 U.S.C. § 1513(b)(1) (2012). Alascio's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but questioning whether Alascio entered his plea knowingly and voluntarily. Alascio filed a pro se brief, arguing that counsel was ineffective and that the district court erred in denying his motion for recusal. The Government has moved to dismiss the appeal as barred by the appeal waiver in Alascio's plea agreement. We dismiss in part and affirm in part.

To be constitutionally valid, a plea must "be the voluntary expression of [a defendant's] own choice." *Brady v. United States*, 397 U.S. 742, 748 (1970). A defendant must enter a plea "knowingly and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (internal quotation marks omitted). When determining whether a defendant entered a plea knowingly and voluntarily, we "look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *Id.* (alterations and internal quotation marks omitted).

In this case, the district court reviewed the plea agreement with Alascio, and Alascio stated, under oath, that he understood the agreement and agreed to its provisions. The district court also reviewed the rights Alascio gave up by pleading guilty and the consequences of his guilty plea. Alascio stated that the Government's factual basis supporting the plea was correct, that he pled guilty because he was actually guilty, and that

2

he did so without threats or coercion. We therefore conclude, based on the totality of the circumstances, that Alascio's plea was knowing and voluntary.

Having determined that Alascio entered into his plea knowingly and voluntarily, *see United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir 1994), we review de novo the validity of Alascio's appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528, 530 (4th Cir. 2013). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). An appeal waiver generally is enforceable "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). Appeal waivers, however, do not preclude an appeal as to any issue that cannot be waived by law, such as a claim that the sentence exceeds the statutory maximum, that race or other constitutionally impermissible factors influenced the sentence, or that the defendant was denied the right to counsel. *See Copeland*, 707 F.3d at 530. Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Alascio knowingly and voluntarily waived his right to appeal, and that the issue of whether the district judge should have recused himself falls within the scope of Alascio's waiver of appellate rights. We therefore grant the government's motion to dismiss and dismiss Alascio's appeal of that issue and any issue within the scope of the waiver that is waivable by law.

Alascio's claims of ineffective assistance of counsel, however, do not fall within the scope of his appeal waiver. *See Copeland*, 707 F.3d at 530. To prevail on his ineffective assistance claims, Alascio "must show that counsel's performance was deficient" and "that

3

the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (discussing prejudice in context of guilty plea). This court does not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). We conclude that counsel's ineffectiveness does not conclusively appear on the face of the record and, therefore, that Alascio's ineffective assistance claims are not proper for direct appeal.

In accordance with *Anders*, we have reviewed the record for any potentially meritorious issues that might fall outside the scope of the waiver and have found none. *See Copeland*, 707 F.3d at 530. Accordingly, we grant in part the Government's motion to dismiss the appeal and dismiss the appeal of any issue falling within the waiver's scope. We also deny in part the Government's motion and affirm the district court's judgment as to any issue not precluded by the waiver.

This court requires that counsel inform Alascio, in writing, of the right to petition the Supreme Court of the United States for further review. If Alascio requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Alascio. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*

4